UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br>   vs. <br><br> **GEORGE FENZELL,** <br><br>         Defendant. | CRIMINAL No. 14-40005-TSH |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE TO PERMIT TRAVEL TO FLORIDA**

The United States of America, by and through undersigned counsel, hereby submits the following memorandum of opposition to the defendant's Motion to Modify his Conditions of Release to Permit Travel to Florida for a Family Vacation (Doc # 29). For the reasons set forth below, the government respectfully submits that the arguments raised by the defendant in his motion do not provide the Court with grounds for disturbing its prior ruling on travel by the defendant outside of the District of Massachusetts. Accordingly, the Court should deny the defendant's motion.

**BACKGROUND**

On February 27, 2014, a grand jury returned an indictment charging the defendant with one count of corruptly endeavoring to obstruct the IRS and six counts of tax evasion. On February 28, 2014, pursuant to Rules 5 and 10 of the Federal Rules of Criminal Procedure, the defendant made his initial appearance and was arraigned on the charges. During the proceedings, the Court ordered that the defendant should be released for the pending judicial proceedings upon execution of an unsecured appearance and compliance bond in the amount of $50,000. The Court also issued an Order Setting Conditions of Release for the defendant (Doc

#14).  Those conditions established that the defendant's travel was restricted to the District of Massachusetts.  The Court also specifically denied the defendant's oral request to travel to Florida and various locations in the Caribbean for a cruise with certain members of his family, including his significant other and his child.  In his current motion, the defendant asks the Court to modify the conditions of his release to permit him to travel to Florida.

## LEGAL STANDARD

If a judicial officer determines that the release of the defendant on personal recognizance will not reasonably assure the appearance of the defendant as required or will endanger the safety of any other person or the community, the Court may order certain conditions of release.  See 18 U.S.C. § 3142(c)(1).  When making a determination regarding conditions of release, the Court shall take into account available information regarding, among other things, the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, and the history and characteristics of the defendant.  See 18 U.S.C. § 3142(g).  Specifically, the Court may order that the defendant abide by specific restrictions on personal associations, place of abode, or travel.  See 18 U.S.C. § 3142(c)(1)(B)(iv).  However, the Court may at any time amend the order to impose additional or different conditions of release.  See 18 U.S.C. § 3142(c)(3).

## DISCUSSION

Permitting the defendant to travel to Florida for any reason will result in the Court being unable to reasonably assure the appearance of the defendant at future judicial proceedings.  As a result, the Court should deny the defendant's motion.

The nature and circumstances of the offenses charged are the primary reason why the Court should deny the defendant's motion.  This is a case in which the defendant is charged with

six federal crimes related to the obstruction of the IRS and evasion of assessment and payment of taxes over the course of approximately 12 years. If convicted, the law permits the Court to sentence the defendant to a significant period of time in federal custody as well as substantial financial penalties.

The indictment alleges, among other things: that the defendant used multiple nominee entities and business names to conduct his business and financial transactions to conceal them from the government; that the defendant used individuals as "trustees" to conceal his ownership and control over income and assets; that the defendant used multiple bank accounts, including "warehouse" bank accounts, in three different states *including Florida*; that the defendant made extensive use of cash; and that the defendant took affirmative steps to conceal the existence of, and income generated from, his dental practice. The allegations contained in the indictment make it clear that the neither the government nor the Court can effectively establish and know all of the defendant's finances, assets, and resources, particularly in Florida, one of the states in which he used a bank account. As a result of this inability to know the defendant's full assets and financial resources, particularly in Florida, if the defendant was permitted to travel to Florida the Court could not reasonably assure the appearance of the defendant at future judicial proceedings.

The second reason why the Court should deny the defendant's motion is the simple fact that the circumstances surrounding the Court's initial ruling regarding release have not changed in favor of lighter travel restrictions for the defendant. The Court made a ruling restricting the defendant's travel to the District of Massachusetts based on the information available at his initial appearance. Further, the Court specifically denied the defendant's travel to Florida and the Caribbean during the initial appearance on February 28, 2014. The government submits that

11336063.1

there have been no changed circumstances in this case since that time. If anything, the only changed circumstances since the initial appearance would simply bolster the basis for the reasonable travel restrictions that the Court ordered; the government has since disclosed substantial discovery material to the defendant that corroborates the allegations contained in the indictment and demonstrates, to the defendant, the weight of the evidence against him. In short, there is no change in the circumstances of this case that should permit changes in the Court's travel restrictions.

## **CONCLUSION**

The arguments raised by the defendant in his motion do not provide the Court with grounds for disturbing its prior ruling on travel by the defendant outside of the District of Massachusetts. As a result, the Court should deny the defendant's motion.

Respectfully submitted

ROSEMARY E. PAGUNI
Chief, Northern Criminal Enforcement
Tax Division
U.S. Department of Justice

*/s/ Robert C. Kennedy*
ROBERT C. KENNEDY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed through the ECF System, and that copies will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 11, 2014

*/s/ Robert C. Kennedy*
ROBERT C. KENNEDY
Trial Attorney

11336063.1